UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MIGUEL ANGEL OSORIO HERNANDEZ,** | § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **MARY DE ANDA-YBARRA**, *Field Office Director of Enforcement and Removal Operations, El Paso Field Office*; **TODD LYONS,** *Acting Director, Immigration and Customs Enforcement*; **KRISTI NOEM,** *Secretary of Homeland Security*; **U.S. DEPARTMENT OF HOMELAND SECURITY;** **PAMELA BONDI**, *U.S. Attorney General*; **ACQUISITION LOGISTICS LLC; and WARDEN OF EL PASO CAMP EAST MONTANA,** | § § § § § § § § § § § § § § § § § | **EP-25-CV-00580-DCG** |
| *Respondents*. | § § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this day, the Court considered Petitioner Miguel Angel Osorio Hernandez's Petition for a Writ of Habeas Corpus (ECF No. 1). For the reasons stated below, the Court **GRANTS** the Petition **IN PART**.

I.      BACKGROUND

Petitioner is a Mexican citizen who entered the United States without inspection over twenty-five years ago.[1]  He has resided in the United States ever since.[2]

Immigration and Customs Enforcement (ICE) arrested Petitioner in Chicago, Illinois on November 4, 2025 for charges including entering the United States without inspection.[3]  He is now detained at the El Paso Camp East Montana detention facility.[4]  The Department of Homeland Security placed Petitioner in removal proceedings, and ICE determined that Petitioner should remain detained "without an opportunity to post bond or be released on other conditions."[5]

Respondents don't specifically contest any of Petitioner's factual allegations.[6]

Petitioner challenges his ongoing detention on three bases.  *First*, Petitioner argues that a Northern District of Illinois order (the "*Castañon Nava* Order") concerning warrantless

---

[1] Pet. at 4; Pet'r's Reply, ECF No. 6, at 12.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] Pet. at 4, 10–11.

[3] *Id.* at 2, 4, 11.

[4] *Id.*

[5] *Id.*

[6] *See generally* Resp'ts' Resp., ECF No. 5.  While Respondents state that "[a]ny allegations that are not specifically admitted . . . are denied," *id.* at 1, Respondents' arguments seem to accept the above allegations as true, *see generally id.*

immigration arrests requires his release.[7]  *Second*, he argues that Section 1225(b)(2) of the Immigration and Nationality Act (INA)[8]—the authority that Respondents argue mandates his detention—doesn't apply.[9]  Rather, he argues, Section 1226(a) applies and entitles him to a bond hearing.[10]  *Third*, and finally, Petitioner argues that his detention without a bond hearing violates due process under the Fifth Amendment.[11]  On these bases, he seeks:

(a) his immediate release or the ability to post bond under Section 1226(a);

(b) attorney's fees, and

(c) an order prohibiting Respondents from re-detaining him absent a substantial change in circumstances.[12]

---

[7] *See* Pet. at 9–10 (citing *Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-CV-03757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025)); Pet'r's Reply at 15–17.

The *Castañon Nava* Order stemmed from a 2021 class settlement related to ICE's alleged failure to abide by "8 U.S.C. § 1357(a)(2) when conducting warrantless arrests of persons who have not obtained lawful immigration or citizenship status in the United States." *Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-CV-03757, 2025 WL 2842146, at *1, 22 (N.D. Ill. Oct. 7, 2025).  Therein, ICE agreed to release noncitizens who were arrested contrary to the terms of that settlement "without posting bond as soon as practicable subject to certain exceptions (such as where the class member is subject to mandatory detention pursuant to the INA)." *Id.* at *5.

[8] 8 U.S.C. § 1101 *et seq.*  For the purposes of this Order, the Court's references to "Sections" refer to sections of the INA.

[9] *See* Pet. at 12–13.

[10] *Id.* at 2.

[11] *Id.* at 13.

[12] *Id.* at 14.

Respondents counter that (1) the *Castañon Nava* Order doesn't require Petitioner's release;[13] (2) Petitioner is properly detained under Section 1225(b)(2);[14] and (3) Section 1225(b)(2)'s procedures satisfy due process as applied to Petitioner.[15] Respondents also argue that various INA jurisdictional-stripping provisions preclude the Court from reviewing Petitioner's claims.[16] For these reasons, Respondents argue that the Court should deny the Petition.

## II.     DISCUSSION

The key issue here is which INA detention authority applies to Petitioner: (1) Section 1225(b)(2), which applies to "applicants for admission" who are "seeking admission" to the United States;[17] or (2) Section 1226(a), which applies to noncitizens who are already in the country.[18] The difference matters because Section 1225(b)(2) mandates detention, whereas Section 1226(a) and corresponding regulations entitle noncitizens who don't have certain criminal histories to a bond hearing.[19]

---

[13] Resp'ts' Resp. at 10.

[14] *Id.* at 3–5.

[15] *Id.* at 6–8.

[16] *Id.* at 5–6 (arguing that 8 U.S.C. §§ 1225(b)(4), 1252(b)(9), and 1252(g) preclude the Court's review).

[17] *See* 8 U.S.C. § 1225(b)(2); *see also Pineda v. Noem*, No. 5:25-CV-01518-XR, 2025 WL 3471418, at *5 (W.D. Tex. Dec. 2, 2025).

[18] *See* 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("[Section] 1226 applies to aliens already present in the United States.").

[19] *Compare* 8 U.S.C. § 1225(b)(2) (providing that noncitizens "shall be detained" pending removal proceedings), *with id.* § 1226(a)(2) (allowing the Attorney General to release noncitizens "on bond . . . or conditional parole" pending removal proceedings).

This isn't the first time that this Court has been asked to determine whether Section 1225(b)(2) applies to noncitizens who are already in the United States after entering without inspection. In *Alvarado Luna v. Warden*, this Court determined that (1) the INA's jurisdiction-stripping provisions don't preclude the Court from reviewing detention challenges brought under the INA's statutory framework or the Constitution; and (2) Section 1225(b)(2) doesn't apply to noncitizens who are already in the country.[20]

The issues here are practically identical to those in *Alvarado Luna*. Like *Alvarado Luna*, Petitioner entered the United States without inspection over twenty-five years before he was detained.[21] Petitioner asserts that Section 1225(b)(2)'s mandatory detention scheme doesn't apply to him,[22] and Respondents countered with near identical arguments as in *Alvarado Luna*.[23]

Having already rejected Respondents' arguments in *Alvarado Luna*,[24] the Court sees no reason to alter course here. Rather than parrot those conclusions, the Court incorporates by reference its jurisdictional and statutory discussion in *Alvarado Luna* and concludes that (1) the Court has jurisdiction to adjudicate the Petition; and (2) Petitioner's detention under Section

---

[20] *See generally* Order Granting Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-CV-565-DCG (W.D. Tex. Dec. 29, 2025), ECF No. 10 [hereinafter *Alvarado Luna* Order].

[21] *See id.* at 21 (noting that Alvarado Luna "had been in the country for approximately twenty-six years when he was detained"); Pet. at 4.

[22] Pet. at 5–9.

[23] *Compare* Resp'ts' Resp., *with* Federal Respondents' Response to Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-CV-565-DCG (W.D. Tex. Dec. 1, 2025), ECF No. 4.

[24] *See generally Alvarado Luna* Order, *supra* note 20.

1225(b)(2) is unlawful.[25]  And because, like in *Alvarado Luna*,[26] Respondents haven't identified a valid alternate source of statutory authority to detain Petitioner,[27] the Court will order Petitioner's release.[28]

This Petition, however, presents three additional wrinkles.  The first is Petitioner's argument that the *Castañon Nava* Order requires his release.[29]  Because the Court has already concluded that Petitioner's detention is unlawful and will therefore order Petitioner's release,[30] the Court finds it unnecessary to address the *Castañon Nava* Order at this time.[31]

---

[25] *See id*.

Because Respondents' violation of the INA alone entitles Petitioner to habeas relief, the Court declines to reach Petitioner's due process claim.  *See United States v. Mendiola*, 42 F.3d 259, 260 (5th Cir. 1994) ("It goes without saying that we have a 'strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration.'" (first citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 154 (1979); then citing *Three Affiliated Tribes v. Wold Eng'g, P.C.*, 467 U.S. 138, 157–58 (1984))).

[26] *See Alvarado Luna* Order, *supra* note 20, at 22.

[27] *See generally* Resp'ts' Resp.

[28] *See, e.g.*, *Pineda v. Noem*, No. 5:25-CV-01518-XR, 2025 WL 3471418, at *6 (W.D. Tex. Dec. 2, 2025) (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025)).

[29] *See supra* note 7 and accompanying text.

[30] *Supra* at 4–6.

[31] The Court also notes that this Order requires Respondents to abide by the procedures set forth under Section 1226 and corresponding regulations if they seek to re-detain Petitioner.  *See infra* at 8.

That's important because the Seventh Circuit—reviewing the *Castañon Nava* Order—concluded that district courts may not order "classwide injunctive relief that would interfere with ICE's operation of § 1226."  *See Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-CV-03757, 2025 WL 3552514, at *7 (7th Cir. Dec. 11, 2025) (citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550–51 (2022)); *see also* 8 U.S.C. § 1252(f)(1).  Thus, if Respondents re-detain Petitioner under Section 1226, *Castañon Nava*'s classwide injunction would not apply—"even if the court believes the government's application of the provision is unlawful."  *See Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-CV-03757, 2025 WL 3552514, at *7 (7th Cir. Dec. 11, 2025) (citation omitted).

The second wrinkle is Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[32]  Attorney's fees "under the [EAJA] are not available in habeas corpus proceedings like this one."[33]  That's because, although the EAJA presents a waiver of sovereign immunity for awards of attorney's fees in civil actions, "a habeas corpus proceeding . . . is not purely a civil action."[34]  The Court therefore denies Petitioner's request for attorney's fees.

The third and final wrinkle is Petitioner's request that the Court bar "Respondents from re-detaining Petitioner during the pendency of his immigration proceedings absent a substantial change in circumstances."[35]  The Court interprets this request to reiterate Petitioner's desire not to remain detained while his immigration proceedings are pending.

To avoid infringing on the government's ability to enforce immigration policy,[36] the Court will instead order that if Respondents re-detain Petitioner, they must apply the procedures set forth under Section 1226 and corresponding regulations.[37]  Under those procedures,

---

[32] *See* Pet. at 14.

[33] *See Pineda*, 2025 WL 3471418, at *6 (citing *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023)).

[34] *See Barco*, 65 F.4th at 785 (quoting *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005)).

[35] Pet. at 14.

[36] *See Bright v. Parra,* 919 F.2d 31, 33 (5th Cir. 1990) (noting that immigration policy is "entrusted exclusively to the political branches of our Government," and that courts should not "substitute their political judgment for that of the Congress" (quoting *Fiallo v. Bell,* 430 U.S. 787, 798 (1977))).

[37] *See infra* at 8–9.

Petitioner will be entitled to a bond hearing unless he has a criminal history that renders him ineligible under Section 1226(c).[38]

### III. CONCLUSION

Thus, after careful consideration of the entire record,[39] and for reasons explained at length in *Alvarado Luna*, Miguel Angel Osorio Hernandez's Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**.  It is **ORDERED** that:

1. On or before **December 30, 2025**, Respondents shall **RELEASE** Petitioner from custody, under reasonable conditions of supervision.[40]

2. On or before **December 30, 2025**, Respondents shall **FILE** a notice informing the Court of whether Petitioner has been released from custody.

3. There will be no extensions to the **December 30, 2025 deadlines**.

4. If Respondents re-detain Petitioner, Respondents shall abide by the procedures set forth in 8 U.S.C. § 1226 and corresponding regulations.

5. If Respondents re-detain Petitioner, they shall **FILE** a notice confirming as much **within one day** after such re-detention.  If Petitioner is eligible for a bond hearing

---

[38] *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))); *id.* at 289 ("Section 1226(c) . . . carves out a statutory category of aliens who may *not* be released under § 1226(a).").

[39] Because the relevant facts are undisputed, *see generally* Resp'ts' Resp., the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Dominguez Aviles v. Warden of ERO Camp E. Montana Det. Facility*, No. 3:25-CV-585-KC, 2025 WL 3492611, at *1 (W.D. Tex. Dec. 4, 2025).

[40] *See* 8 U.S.C. § 1231(a)(3) (requiring, as relevant here, that the alien "appear before an immigration officer periodically for identification," "give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate," and "obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien").

under 8 U.S.C. §§ 1226(a) and (c), that notice shall **CONFIRM** the date and time on which the bond hearing will take place, not to exceed **ten days after his re-detention**.

6. Petitioner's request for an order "barring Respondents from re-detaining Petitioner during the pendency of his immigration proceedings absent a substantial change in circumstances"[41] is **DENIED**.

7. Petitioner's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A),[42] is **DENIED**.

8. The District Clerk shall **SERVE** copies of this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[43]

**So ORDERED and SIGNED this 29th day of December 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[41] Pet. at 14.

[42] *Id.*

[43] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").